**SUPREME COURT OF NEW JERSEY**
**M-1149 September Term 2024**
**090357**

In the Matter of                          :

Wilfredo Benitez,                         :

                                      **O R D E R**

A Judge of the Municipal Court    :

Pending before the Court is an application by **Wilfredo Benitez,** a Judge of the Municipal Court, to remove his disqualification from hearing matters that involve charges of driving while intoxicated (DWI). He has been disqualified from hearing such matters since November 12, 2016, pursuant to Directive #04-09 and multiple Court orders.

The pending motion asks the Court to reconsider its order dated April 14, 2025, which denied petitioner's most recent application to remove his disqualification from hearing DWI matters. He asks to be provided with "clear findings" if he is not reinstated to hear DWI matters.

## First Application

Petitioner initially sought to have his DWI disqualification removed when he was acquitted of the charges that led to his disqualification. On April 10, 2018, the Court denied the request and ordered that his disqualification continue pending the outcome of disciplinary charges before the Advisory Committee on

Judicial Conduct (ACJC).

## Second Application

As part of the proceedings to adjudicate the judicial disciplinary matter, petitioner asked that the Court, when imposing discipline, lift the restriction on his hearing DWI matters. On September 6, 2018, the Court entered an order censuring petitioner for violations of the Code of Judicial Conduct, which stemmed from misconduct during his DWI arrest. A recording of the arrest revealed that (a) petitioner tried to get preferential treatment by informing State Troopers he was a judge several times; (b) he asked the Troopers to extend "courtesy"; (c) he confronted them with inappropriate language; and (d) he threatened them, saying "I'm gonna f*** you." The Court's order also stated that petitioner could not apply to have his DWI disqualification removed for one year.

## Third Application

On September 9, 2019, petitioner filed an application to resume hearing DWI matters. In his verified petition, he stated "[t]here have been no complaints lodged against Petitioner over the past year, and none are pending." At that time, the ACJC had before it a grievance that a litigant had filed about Judge Benitez. On October 4, 2019, the Court denied petitioner's request to resume hearing DWI

2

matters and precluded him from hearing DWI matters for an indeterminate period. The Court's order noted that "Judge Benitez verified to the Court . . . there had been 'no complaints lodged against [him] over the past year, and none are pending.' To the extent the statement encompassed disciplinary matters, it is not accurate."

## Fourth Application

On November 26, 2019, petitioner filed a supplemental petition for reconsideration. In the petition, he acknowledged, through counsel, that he should have disclosed a prior letter grievance a litigant had filed against him with the ACJC. On February 14, 2020, the Court denied reconsideration and ordered that petitioner not file another application to resume hearing DWI matters for a period of five years.

## Fifth Application

On February 10, 2025, petitioner submitted an application to terminate his disqualification from hearing DWI matters. In a letter to the Court that he authored, petitioner again acknowledged he was at "fault" in 2019 for not disclosing a letter grievance filed with the ACJC. He stated he believed the matter had been resolved.

As to the time period covered by the new petition, his application included

3

a letter he had sent the Assignment Judge in January 2025. The letter stated that "no formal complaints have been lodged against me during the 'disqualification' period and none are pending."

On March 13, 2025, the Court directed petitioner to file an amended application that included a certification to the Court "address[ing] disciplinary matters, if any, that [petitioner was] notified of or that were disposed of during the disqualification period." (emphasis added).

On March 14, 2025, petitioner filed an amended application to the Court and certified as follows: "I am not aware of nor have I been notified of any disciplinary action(s) or formal complaints lodged against me during the 'disqualification' period and to the best of my knowledge, none are pending."

Notwithstanding petitioner's representation, the ACJC had issued a private letter of caution to petitioner on May 28, 2020 -- during the five-year disqualification period -- finding that he violated the Court's prohibition on hearing DWI matters and the Code of Judicial Conduct by releasing a defendant in a DWI matter on his own recognizance.

The Court denied petitioner's application on April 8, 2025 and directed that his disqualification from hearing DWI matters continue indefinitely.

**The Current (Sixth) Application**

4

On July 23, 2025, petitioner filed the pending motion for reconsideration (M-1149), as well as a motion for leave to file the motion as within time (M-1150). We grant the latter motion.

In seeking reconsideration, petitioner asks the Court to reconsider and rescind the indefinite disqualification, or, alternatively, to provide clear findings. In his brief, petitioner contends that the Court's order denying his request for relief "does not set forth any rationale, factual findings, or explanation, leaving [him] without the ability to understand or meaningfully respond to the reasoning." He submits that "[t]he lack of transparency in the decision undermines the princip[le] of fairness." Petitioner states that "while [he] certainly appreciate[s] [the Court's] rationale not being made public, an accompanying letter directed solely to [him] was warranted." Petitioner asserts that he is "entitled to be informed of the basis for the decision" and requests "clear findings."

The Court does not provide reasons or findings in private. We therefore respond to petitioner's motion and request in the form of a public order.

Petitioner's involvement in matters before the ACJC and this Court reveal not only serious misconduct by a sitting judge of the Municipal Court, in the course of a DWI arrest that resulted in acquittal, but also two later instances in

5

which petitioner was not forthcoming in representations he made to the Court. He misrepresented that no complaints had been filed against him in a 2019 application. He later acknowledged he should have disclosed a grievance filed with the ACJC. Yet he made a similar misrepresentation to the Court in connection with his 2025 application. And, significantly, the judge violated the Court's order that he not participate in hearing DWI cases.

Petitioner's conduct and history before this Court demonstrate that his disqualification from presiding over DWI matters should not be removed. For good cause shown, it is therefore

ORDERED that the motion for reconsideration is denied; and it is further

ORDERED that Judge Benitez's disqualification from hearing DWI matters shall continue indefinitely.

WITNESS, the Honorable Stuart Rabner, Chief Justice, at Trenton, this 23rd day of October, 2025.

**CLERK OF THE SUPREME COURT**

6